## DAVID F. BRADLEY *vs.* ISAAC P. CLARK.

In an action for goods sold and delivered, an admission by the defendant, that ne purchased and received the goods in question, to be paid for, not in money, but in specific articles, is not sufficient to entitle him to open and close, under the forty-first rule of the court of common pleas.

An action for goods sold and delivered having been referred under the statute (Rev. Sts. *c.* 96, § 25) to an auditor, who reported, that it was objected that the goods were sold on barter account, and to be paid for in printer's ink, — that the objection was sustained only as to a part of the goods, which were paid for accordingly, by way of set-off, — and that the plaintiff was entitled to recover for the balance of the account; — it was held, that the auditor had not therein exceeded his authority.

THIS was an action, to recover for goods sold and delivered, according to an account annexed to the writ. The defendant pleaded the general issue, and filed a specification of his de‐ fence, together with an account in set-off. The ground of defence was, that the goods were to be paid for in a specific article, to wit, printer's ink, and not in money. The case was referred to an auditor under the Rev. Sts. *c.* 96, § 25, who subsequently made his report thereon.

On the trial, which took place before *Wells*, C. J., in the court of common pleas, the defendant filed an admission, in writing, that he had purchased and received the goods, which were the subject of the action, and at the prices at which they were charged by the plaintiff, but alleged, at the same time, that the goods were so purchased and received on barter

25*

account; and he thereupon claimed the right to open and close to the jury, under the forty-first rule of the court of common pleas. The presiding judge, being of opinion, that the defendant would not bring his case within the rule, unless he should admit that the balance (the amount sued for, after deducting the set-off) was to be paid in cash, refused to allow the defendant to open and close.

The plaintiff having offered the auditor's report in evidence to the jury, the defendant objected to a portion thereof, on the ground, that the auditor had therein exceeded his authority under the statute. He therefore moved that the clause objected to should be stricken from the report. The clause in question is as follows:

"It was next objected, that the goods were sold on barter account, to be paid for in printer's ink. This objection was not sustained, except as to part, which was paid in printer's ink by set-off. The auditor therefore reports that the plaintiff ought to recover the aforesaid amounts, subject to the set-off hereinafter allowed."

The judge was of opinion, that the special finding of the auditor upon the question of barter was immaterial, inasmuch, as in stating the account between the parties, it was necessary for him to decide, whether any of the items of the plaintiff's account were irrecoverable, by reason of their being made payable in barter; and that the report, independent of the special finding, was *prima facie* evidence of the indebtedness of the defendant, as to all the items of the account allowed, as well those to which the objection of being payable in barter applied, as to the rest. The defendant's motion was thereupon disallowed, and the report submitted to the jury, who returned a verdict for the plaintiff. The defendant filed exceptions.

*W. R. P. Washburn*, for the defendant.

*E. D. Sohier*, for the plaintiff.

SHAW, C. J. In an action of assumpsit for goods sold and delivered, the defence was, that the goods were received and purchased on a barter account. The defendant filed an admis-

sion, that he had purchased and received the goods at the prices charged, but alleged that they were so purchased on barter account, that is, to be paid for not in money but in other goods. He thereupon claimed the right to open and close, under the forty-first rule of the court of common pleas, which claim was not sanctioned by the court. We think the decision was right. The defence was matter of denial, not of avoidance. On indebitatus assumpsit, for goods sold and delivered, the plaintiff must prove a sale upon an express or implied contract to pay for them in money; otherwise there is no debt. A delivery of goods, upon a special agreement to deliver other goods in satisfaction, is a special contract and a good one, but it creates no debt. If such were the cause of action relied on, it must be specially declared on, with an averment of a breach, by alleging a demand of the goods stipulated to be given in satisfaction, and a refusal or neglect of the defendant to deliver them. When, therefore, the defendant insisted that the goods were received upon a barter account, he denied the existence of the plaintiff's cause of action, and left the affirmative upon the plaintiff, and the burden of proof to establish his main allegation, a sale for money. He did not bring himself within the rule.

The defendant filed a specification of defence and a set-off, insisting that all the goods were to be paid for in a specific article. The cause had been referred to an auditor under the statute. The auditor's report, as we understand it, states that it was objected that the goods were sold on barter account, to be paid for in printer's ink, but that the proof did not sustain the objection except as to part, which was paid for in printer's ink, by way of set-off. He therefore reported, that the plaintiff ought to recover certain amounts, subject to the set-off allowed.

This part of the report was objected to, on the ground, that the auditor had exceeded his authority, in reporting upon matter not submitted to him, by expressing an opinion upon the grounds of defence. The court took a different view and admitted the report. It appears to us, that the auditor acted

within the scope of his authority, and that by force of the statute his report was admissible and competent evidence. This is determined by the considerations above stated. It was for the plaintiff to prove a sale for money; the defendant insisted that the whole of the goods were delivered on barter account, to be paid for, not in money, but in exchange for a specific article. The whole account was referred to the auditor, to find whether any, and, if any, which of the articles were sold for money, and the finding that they were or were not sold on barter account, which negatived their being sold for cash, was directly within the range of inquiry, and of course within the scope of his authority. The auditor found that certain items were on barter account, and these were deducted from the set-off, leaving the balance as items due in money, and the jury found for the plaintiff, subject to the set-off.

*Exceptions overruled.*